**ORDERED.**

**Dated: July 27, 2011**



Eileen W. Hollowell, Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>4415 EAST GRANT ROAD, L.L.C.<br>Debtor. | Chapter: 11<br>Case No.: 4:11-bk-03219-EWH |
| In re:<br>MAX CHRIS MONSTON AND<br>IRENE MURRAY MONSON<br>Debtors. | Case No.: 4:10-bk-31122-EWH |
| In re:<br>ABERDEEN GROUP, L.L.C.<br>Debtor. | Case No.: 4:10-bk-30737-EWH |
| In re:<br>CULVER CITY SELF-STORAGE, LLC<br>Debtor. | Case No.: 4:10-bk-30734-EWH |
| In re:<br>ARIZONA SELF-STORAGE AT LINDSAY ROAD LLC<br>Debtor. | Case No.: 4:10-bk-30727-EWH |
| In re:<br>THORNYDALE SELF STORAGE ASSOCIATES, LLC<br>Debtor. | Case No.: 4:10-bk-30723-EWH |

| | |
|---|---|
| In re:<br>SAHUARITA SELF STORAGE L.L.C.<br>Debtor. | Case No.: 4:10-bk-30721-EWH |
| In re:<br>NOGALES SELF STORAGE ASSOCIATES, L.L.C.<br>Debtor. | Case No.: 4:10-bk-30716-EWH |
| In re:<br>MARIPOSA ROAD SELF-STORAGE ASSOCIATES and MARANA HOSPITALITY II, LLC<br>Debtors. | Case No.: 4:10-bk-30713<br>(Jointly Administered)<br>**MEMORANDUM DECISION ON DEBTOR'S MOTION FOR TURNOVER** |

## INTRODUCTION

4415 East Grant Road, L.L.C. ("Debtor"), one of the debtors in these jointly administered cases seeks the turnover of approximately $50,000 in rents collected prepetition by a state court appointed receiver. For the reasons explained in the balance of this memorandum, the request will be granted.

## FACTS AND PROCEDURAL HISTORY

Debtor operates an apartment complex in Tucson. Wells Fargo Bank, N.A. (the "Creditor") commenced litigation prepetition, in state court, to appoint a receiver to manage the Debtor's property. On September 17, 2010, a state court appointed MCA Financial Group, Ltd. as receiver (the "Receiver"). The state court's order (the "Receivership Order") directed the Receiver to collect rents generated on the Debtor's behalf and to place the profits in escrow for the benefit of creditors. The Receivership Order directs the Receiver to maintain the value of the apartment complex, provide ordinary maintenance and repair

2

Case 4:10-bk-30713-EWH    Doc 309    Filed 07/27/11    Entered 07/28/11 08:41:06    Desc
Main Document - Decision    Page 2 of 6

services, provide goods and services, and pay operating expenses. The Receivership Order also provided that, after the Receiver collected rents and paid certain expenses, the:

> Receiver shall place remaining funds not needed to pay expenses of the Receivership Estate or for a working capital fund, in an escrow account that shall be property of [the Creditor] or such creditor(s) that establish a senior interest in the funds, which funds shall be distributed upon further order of [the state court], and which funds are property of a creditor to be designated by the Court but in any event shall not be property of [the Debtor].

The Receiver ultimately retained $49,000 in profits in escrow (the "Retained Funds"). The Debtor commenced the instant bankruptcy case on February 9, 2011.

The Creditor filed its "<u>Motion for an Order that Funds Held by the Receiver are not Property of the Estate</u>" on May 31, 2011 (DE 245) (the "Motion") asserting that the language of the Receivership Order requires this Court to determine that the Retained Funds are not property of the estate. The Debtor responded on June 30, 2011, countering that the Retained Funds are property of the bankruptcy estate, that the Creditor only retains a security interest on the Retained Funds, and that those funds are necessary for the Debtor's reorganization.

## **ISSUE**

Is the Creditor required to turn over the Retained Funds to the Debtor?

## **JURISDICTION**

Jurisdiction is proper under 28 U.S.C. §§ 1334 and 157(b)(2)(A).

## **ANALYSIS**

A custodian is required to deliver all property in the custodian's possession to the trustee as of the date that the custodian acquires knowledge of a bankruptcy case. 11 U.S.C. § 543(b)(1).[1] The Bankruptcy Code defines "custodian" broadly to include a state court receiver. 11 U.S.C. § 101(11). Specifically, § 101(11)(C) provides that a custodian is a receiver that is "appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors." In a chapter 11 case, the debtor-in-possession normally has the powers of the trustee, so the custodian should turnover estate property to the debtor in possession. 11 U.S.C. § 1107(a).

Section 543(b) is broadly interpreted. See McClanahan v. Met. Adjustment Bureau (In re Met. Adjustment Bureau), 22 B.R. 67, 70 (9th Cir. BAP 1982). The custodian is required to deliver and account for all property in his or her possession, custody, or control. 11 U.S.C. § 543(b)(1). The only real limitation on the breadth of § 543 is that the property must be "property of the debtor." 11 U.S.C. § 543(b)(1); see also Collier on Bankruptcy ¶ 543.03 (16th ed. 2010).

---

[1] All statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

Here, the Creditor is a custodian for the purposes of § 543 because the Receivership Order created a receivership as that term is defined in § 101(11). The Retained Funds were rents generated from the Debtor's apartment complex, so they are the Debtor's property and subject to turnover under §543(b)(1), even if the Creditor or other creditors may be able to claim a security interest in the Retained Funds. Here, the creditor argues the Receivership Order requires a different result.

The language of the Receivership Order states that the Retained Funds are not the Debtor's property, but the Receivership Order does not determine that the Retained Funds are the Creditor's property. Instead, it provides that the Receiver is to hold the funds in escrow subject to a later determination of whether it is the Creditor's property and/or the property of any other creditors "that establish a senior interest in the funds." The Receivership Order also required the Receiver to return to the state court before it could distribute the funds to creditors, including the movant. Therefore, even prepetition the Creditor did not have an absolute right to the Retained Funds.

While state law generally defines the extent of a debtor's interest in property, it is federal law that determines whether property is property of the estate for the purposes of bankruptcy law. E.g., In re Pettit, 217 F.3d 1072, 1078 (9th Cir. 2000) citing Butner v. United States, 440 U.S. 48, 54-55 (1979). The definition of property of the estate is very broad and includes all legal and equitable interests of a debtor. 11 U.S.C. § 541(a)(1). Because the

5

Receivership Order did not finally determine that the Creditor owned the Retained Funds, the Court finds that the Debtor retained an equitable interest in those funds. Accordingly, they must be turned over.[2]

## **CONCLUSION**

For the foregoing reasons, a separate order will be entered requiring the Receiver turn over the Retained Funds to the Debtor and provide an accounting pursuant to § 541(b).

Dated and signed above.

Notice to be sent via the Bankruptcy
Noticing Center ("BNC") to:

4415 East Grant Road, L.L.C.
4572 E. Camp Lowell Dr.
Tucson, AZ  85712

Michael W. McGrath
Frederick J. Petersen
Scott H. Gan
Mesch, Clark & Rothschild
259 North Meyer Avenue
Tucson, AZ  85701

Gerald L. Shelley
Nicolas B. Hoskins
Fennemore Craig, P.C.
3003 N. Central Avenue, Suite 2600
Phoenix, AZ  85012-2913

Christopher J. Pattock
Office of the U.S. Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ  85003

---

[2] For example, if the Debtor tendered all funds due to the Creditor on its note, notwithstanding the Receivership Order, the Debtor would have a claim to the Retained Funds because once the Creditor was fully satisfied, it could not receive more than the amount of its debt.